IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                         No. 2:11-cr-00375-KJM-1

   vs.

ROGELIO MELENDEZ-RODRIGUEZ,

        Defendant.                    ORDER

_____/

        On May 17, 2013, defendant's counsel moved for defendant to be found mentally incompetent to stand trial under 18 U.S.C. § 4241(d). (ECF 36.) Defendant's counsel argues that reasonable cause exists to believe defendant is suffering from a mental disease or defect rendering him incompetent to assist counsel in his defense. In support of this argument, counsel cites several instances of defendant's behavior. First, at his May 15, 2013 sentencing hearing, defendant stated he could not remember what had occurred on the date he entered his plea. (*Id.* at 3.) In addition, he repeatedly requested the court address his prior convictions, despite the court's and counsel's admonitions that those convictions could not be addressed in that forum. Second, defendant has sent "lengthy, rambling" letters directly to the court on irrelevant subjects. (*Id.*) Finally, in his probation interview, defendant stated he "feels as if he

1

loses control in his head, and everything blacks out." (*Id.* (citing Presentence Investigation Report at 11, ECF 30).)

The United States opposes defendant's motion, objecting that defendant's counsel moved prematurely for the court to find defendant incompetent. (ECF 37.) The United States argues the court must first hold a competency hearing as provided in Section 4241(a). (*Id.* at 1.) In light of defendant's statement that he does not recall what happened at his plea proceeding, the United States does not object to holding a competency hearing in this case. (*Id.* at 4–5.)

Section 4241(a) authorizes a court to grant a motion to determine competency of a defendant "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." Prior to the date of that hearing, the court may order a psychiatric or psychological examination of a defendant be conducted and that a report of that examination be filed with the court. 18 U.S.C. §§ 4241(b), 4247. After the section 4241(a) hearing, the court may find by a preponderance of the evidence that the defendant is mentally incompetent to stand trial and may commit him to the custody of the Attorney General. 18 U.S.C. § 4241(d).

After discussion with counsel at hearing on May 29, 2013, the court construes defendant's motion as a motion for a hearing to determine defendant's competency to stand trial. Because the record supports a finding of reasonable cause to believe defendant is suffering from a mental disease or defect, the motion so construed is GRANTED. The court orders defendant to undergo a psychiatric or psychological examination by a licensed or certified psychiatrist or psychologist, at a suitable Bureau of Prisons facility, with custodial arrangements to be made by the Attorney General. *See* 18 U.S.C. § 4247(b). At the conclusion of this examination, the parties shall lodge the psychological or psychiatric report with the

/////
/////

court and notice a date for defendant's competency hearing.  A further status is confirmed for July 24, 2013, and if the report is ready by then the hearing shall proceed on that date.

        IT IS SO ORDERED.

DATED:  June 4, 2013.

_____
UNITED STATES DISTRICT JUDGE